UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO COMPANY | ) | Case No.: 1:18-cv-2626 |
| | ) | |
| Plaintiff, | ) | Judge Patricia A. Gaughan |
| v. | ) | |
| | ) | |
| DONGGUAN TAOYUANXIANGBAO | ) | |
| ZHIPINYOUXIANGONGSI LTD.. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT THROUGH ALTERNATIVE MEANS**

**I.     INTRODUCTION**

Plaintiff The NOCO Company ("NOCO") brought this action against Defendant DongGuan TaoYuanXiangBao ZhiPinYouXianGongSi Ltd. ("DongGuan") for (1) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (2) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; and (3) violation of Ohio's Uniform Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01 *et seq*. NOCO alleges that DongGuan advertises protective cases for NOCO battery-charger and jump-starter products, and that these advertisements infringe on NOCO's trademarks and create false associations with NOCO. NOCO has diligently attempted to verify the addresses provided by DongGuan to the U.S. Patent and Trademark Office.

DongGuan has chosen to ignore NOCO's communications regarding waiver of service of the Complaint sent to the physical and electronic addresses uncovered in NOCO's investigations. NOCO has good cause to believe that DongGuan, in fact, received at least one of NOCO's waiver communications because DongGuan sent an unresponsive reply to NOCO via the Amazon Message Center. NOCO therefore requests that the Court grant it leave to serve

DongGuan, as permitted by the Federal Rule of Civil Procedure 4(f)(3), through Amazon's Message Center.

## II. FACTS

NOCO filed its Complaint against DongGuan on November 14, 2018. ECF No. 1. NOCO alleges that DongGuan, doing business as "Aenllosi," advertises protective cases for NOCO battery-charger and jump-starter products. Compl. ¶¶ 2, 22. NOCO's pre-filing investigations indicate that DongGuan is a corporation based in China that markets products under the "Aenllosi" trademark on Amazon.[1] Compl. ¶¶ 2, 19; Steiner Decl. ¶ 2.

NOCO conducted an exhaustive search for physical addresses, email addresses, and other contact information for DongGuan. Steiner Decl. ¶ 2. NOCO searched Amazon, the United States Patent and Trademark Office ("USPTO"), ICANN's WHOIS database (i.e., information about the registration of a domain name), and various social-media platforms, including Facebook and Google. *Id.*

DongGuan conducts its product-case sales entirely online through Amazon. DongGuan does not provide a physical address on the Amazon U.S. site, but NOCO identified an address that "Aenllosi" provided to Amazon Mexico. *Id.* at ¶¶ 3–4. DongGuan also provided a physical address on its USPTO application to register the "Aenllosi" trademark. *Id.* at ¶ 5. Although the Amazon Mexico address was configured differently than the USPTO address and contained some alternate information, NOCO concluded based on additional investigation that the two addresses were the same, and that the USPTO version was more likely to be accurate. *Id.* at ¶ 4. NOCO sent copies of the Notice of a Lawsuit and Request to Waive Service of a Summons, the Complaint, and the Waiver of the Service of Summons (the "Waiver Package") to this address on

---

[1] AMAZON, https://www.amazon.com/sp?_encoding=UTF8&asin=&isAmazonFulfilled=1&isCBA= &marketplaceID=ATVPDKIKX0DER&orderID=&seller=A2O1RJFAX9PSWW&tab=&vasStoreID= (last visited Apr. 18, 2019).

3

January 11, 2019. *Id.* at ¶ 9. The Waiver Package sent to this address was delivered on January 14, 2019. *Id.*

On January 9, 2019, NOCO sent the Waiver Package to the email address provided by DongGuan on its USPTO application to register the "Aenllosi" trademark. *Id.* at ¶¶ 5, 8. The message was relayed (i.e., did not "bounce back"). *Id.* at ¶ 8.

On January 14, 2019, NOCO sent a message to the "Aenllosi" storefront through the Amazon Message Center ("Amazon Message Center"), which allows buyers to contact sellers directly. *Id.* at ¶ 10. NOCO's Amazon Message Center communication notified DongGuan of the pending lawsuit and transmitted the Waiver Package to it. *Id.* This electronic communication was relayed. *Id.* NOCO has further evidence that its Amazon Message Center communication was successfully transmitted because DongGuan replied on January 14, 2019. *Id.* at 11. DongGuan ignored the Waiver Package in its reply and instead asserted that DongGuan has the right to use its own "Aenllosi" trademark. *Id.*

By March 11, 2019, the end of the sixty-day period for DongGuan to return the waiver, NOCO had not received the waiver. *Id.* at ¶ 12. On April 18, NOCO made a final effort to contact DongGuan by telephone to confirm its receipt of the Waiver Package or request an address where it could be sent. *Id.* at ¶ 14. NOCO's telephone call to the number DongGuan provided to the USPTO did not yield these answers. *Id.*

NOCO has made a diligent effort to obtain accurate contact information for DongGuan. DongGuan has not responded to the Waiver Package that NOCO successfully transmitted via the Amazon Message Center, nor has DongGuan acknowledged the Waiver Packages delivered to the mailing and email addresses provided to the USPTO. *Id.* at ¶¶ 8–10, 13. DongGuan appears to conduct its business and communicate entirely online, using at least one electronic channel of

4

communication in its business operations. Compl. ¶ 2; Steiner Decl. ¶¶ 2–3. Consequently, NOCO asks this Court to grant it leave to serve DongGuan by the only reasonable means left: through the Amazon Message Center.

### III. LAW AND ARGUMENT

#### A. Service by Alternative Means is Appropriate Where Not Prohibited by International Agreement, Directed by the Court, and Reasonably Calculated to Apprise Defendants of an Action.

A foreign corporation must be served "in any manner prescribed by Rule 4(f) for serving an individual." Fed. R. Civ. P. 4(h)(2). A foreign corporation must therefore be served, in relevant part,

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [the "Hague Convention"];
>
> . . .
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). While "[t]he preferred method for service of a foreign party is service pursuant to the methods authorized by the Hague Convention," *NOCO Co. v. Shenzhen Dika Na'er E-Commerce Co.*, No. 1:17CV2282, 2017 U.S. Dist. LEXIS 194396, at *5 (N.D. Ohio Nov. 22, 2017) (citation omitted), a plaintiff is not required "to first exhaust the methods contemplated by Rule 4(f)(1) and (2) before petitioning the Court for permission to use alternative means under Rule 4(f)(3)." *Ahkeo Labs LLC v. Plurimi Inv. Managers LLP*, No. 1:17-CV-1248, 2017 U.S. Dist. LEXIS 98374, at *2 (N.D. Ohio June 26, 2017) (citations omitted); *see also Studio A Entm't, Inc. v. Active Distribs.*, No. 1:06cv2496, 2008 U.S. Dist. LEXIS 5883, at *6 (N.D. Ohio Jan. 15, 2008).

5

By its plain language, Rule 4(f)(3) requires only that service not be prohibited by international agreement and directed by the court. *See Lexmark Int'l Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 260 (S.D. Ohio 2013). Courts, however, must also examine whether service by email "comports with constitutional notions of due process," such that the service is "reasonably calculated" to apprise defendants of an action. *Id.* at 261 (quoting *Studio A*, 2008 U.S. Dist. LEXIS 5883, at *8).

### B. The Hague Convention Does Not Prohibit Service by Electronic Means on Chinese Defendants.

DongGuan is a Chinese defendant. Compl. ¶ 2. China is a signatory to the Hague Convention and has opposed article 10(a),[2] which allows parties to send judicial documents by postal channels. Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. A country's objection to article 10(a), however, is limited to postal channels. *See FTC v. Repair All PC, LLC*, No. 1:17 CV 869, 2017 U.S. Dist. LEXIS 83173, at *11 (N.D. Ohio May 31, 2017) ("[A] signatory country's objection to Article 10 is specifically limited to the means of service enumerated in Article 10."); *Medical Protective Co. v. Ctr. for Advanced Spine Techs.*, No. 1:14-cv-005, 2014 U.S. Dist. LEXIS 196753, at *12 (S.D. Ohio Jan. 13, 2014) ("Courts have repeatedly found that email service is not prohibited by the Hague Convention."). Since the Hague Convention applies only to postal channels, courts have permitted plaintiffs to serve Chinese defendants by electronic means. *See, e.g., Lexmark*, 295 F.R.D. at 261–62 (permitting alternative service where email was reasonably calculated to reach Chinese defendants).

Furthermore, the Hague Convention does not apply "where the address of the person to be served with the document is not known." Art. 1, Nov. 16, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. The Waiver Package delivered to the address that NOCO obtained from DongGuan's

---

[2] *China—Central Authority & Practical Information*, HAGUE CONVENTION PRIV. INT'L L. (Jun. 27, 2018), https://www.hcch.net/en/states/authorities/details3/?aid=243.

6

USPTO trademark-registration application for "Aenllosi" was delivered, but NOCO has been unable to confirm whether DongGuan, and not another person or entity, received the Waiver Package. Steiner Decl. ¶¶ 9, 14. The Hague Convention does not prohibit service by email or through Amazon's Message Center.

### C. Amazon's Message Center is Reasonably Calculated to Apprise DongGuan of the Lawsuit.

Any court-ordered method of service must "comport with constitutional notions of due process." *Studio A*, 2008 U.S. Dist. LEXIS 5883, at *7–8. The method of service must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at *8 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Courts "may order service by email as an alternative method of service pursuant to Fed. R. Civ. P. 4(f)(3), where appropriate." *Advanced Spine*, 2014 U.S. Dist. LEXIS 196753, at *12–13. *See also Chanel, Inc. v. Zhong Zhibing*, No. 2:09-cv-02835-cgc, 2010 U.S. Dist. LEXIS 25709, at *13 (W.D. Tenn. Mar. 17, 2010) ("[E]ffecting service on e-commerce merchants at their preferred e-mail addresses comports with the *Mullane* standard and provides the greatest likelihood of generating a response from the served parties."); *Popular Enters. v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (Rule 4(f)(3) is "expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases," such as "the utilization of modern communication technologies to effect service when warranted by the facts."). Service through the Amazon Message Center is also an alternative method of service reasonably calculated to give defendants notice. *See Shenzhen Ruobilin Network Tech., Ltd. v. SJG-LESN*, No. 16-cv-386-wmc, 2016 U.S. Dist.

7

LEXIS 164081, at *1 (W.D. Wis. Nov. 29, 2016); *Innovelis, Inc. v. Auch*, No. 15-02661, 2016 U.S. Dist. LEXIS 65852, at *2 (E.D. Pa. May 19, 2016).

### 1. DongGuan conducts business entirely online.

Courts authorize electronic service where most of the defendant's business takes place online. *See, e.g., Chanel, Inc. v. Xu*, No. 2:09-cv-02610-cgc, 2010 U.S. Dist. LEXIS 6734, at *10 (W.D. Tenn. Jan. 27, 2010) ("Serving Defendants by e-mail not only meets constitutional standards, but also is the method of service most likely to reach Defendants. Defendants have organized their online business so that the only way customers can contact them to place an order or lodge an inquiry is by e-mail. . . . Any e-commerce merchant depends on electronic communication, and in particular, e-mail for his livelihood."); *Sulzer Mixpac AG v. Medenstar Indus. Co., Ltd.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (holding that "[e]mail communications may be more reliable than long-distance postal communications," especially where a defendant relies at least partially on the email address listed on its website to do business); *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 U.S. Dist. LEXIS 70577, at *22 (S.D.N.Y. May 29, 2015) (citation omitted) ("[C]ourts have upheld service via e-mail [in] . . . cases [that] involved email addresses undisputedly connected to the defendants and that the defendants used for business purposes."); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988 (GBD), 2007 U.S. Dist. LEXIS 19780, at *7, 9 (S.D.N.Y. Mar. 12, 2007) ("[F]ederal courts have approved email service of process as an appropriate means under Rule 4 in proper circumstances . . . , [for example, where] defendants conduct business extensively, if not exclusively, through their Internet websites and correspond regularly with customers via email.").

DongGuan conducts business entirely online, selling products through Amazon. Compl. ¶¶ 2, 22; Steiner Decl. ¶ 2. Amazon U.S. makes no mention of a physical address for

8

DongGuan, and Amazon Mexico's address contains inaccuracies that only further investigation can remedy. Steiner Decl. ¶¶ 3–5. Instead, customers may contact DongGuan (via "Aenllosi") through the Amazon Message Center. *Id.* at ¶ 3. DongGuan receives communications over this medium because NOCO's messages to DongGuan through the Amazon Message Center were successfully relayed. *Id.* at ¶¶ 10–12. Accordingly, DongGuan's decision to conduct business entirely online, without the obvious use of traditional postal channels, makes the Amazon Message Center the most likely method of service to apprise DongGuan of the lawsuit.

### 2. Messages to DongGuan through the Amazon Message Center were successfully relayed.

A plaintiff must state how a particular email address is reasonably calculated to reach a foreign defendant. *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, No. 1:10-cv-00564, 2013 U.S. Dist. LEXIS 200012, at *14 (S.D. Ohio Aug. 21, 2013). Plaintiffs have shown the validity of an email address in one of two ways. First, a plaintiff can demonstrate that it successfully contacted the foreign defendant by email previously. *See, e.g.*, *Lexmark*, 295 F.R.D. at 262.

Second, a plaintiff can demonstrate that "the email address in question [was] not returned as undeliverable or did not 'bounce back.'" *FKA Distrib. Co., LLC v. Yisi Tech. Co., Ltd.*, No. 17-cv-10226, 2017 U.S. Dist. LEXIS 151679, at *4 (E.D. Mich. Sept. 19, 2017) (citation omitted). *See also Chanel*, 2010 U.S. Dist. LEXIS 6734, at *4, 13 (granting plaintiff's motion for alternative service where, in part, "emails were not returned as 'undeliverable,'" demonstrating that "the email addresses were 'valid,' 'operational,' and 'reliable'"); *Celgene Corp. v. Blanche Ltd.*, No. 16-501 (SDW) (LDW), 2017 U.S. Dist. LEXIS 35126, at *6 (D.N.J. Mar. 9, 2017) ("Plaintiff's sending of emails to the addresses associated with [the defendant] without receiving notifications that such emails were undeliverable makes a prima facie showing

9

that the email addresses are themselves at least valid."); *Tatung Co. v. Shu Tze Hsu*, No. CV 13-1743-DOC (ANx), 2015 U.S. Dist. LEXIS 179201, at *9 (C.D. Cal. May 18, 2015) (holding email addresses were reasonably calculated to apprise defendants of the lawsuit where "the emails to defendants were not returned as undeliverable"); *ADT Sec. Servs. v. Sec. One Int'l, Inc.*, No. 11-CV-05149 YGR, 2012 U.S. Dist. LEXIS 116494, at *5 (N.D. Cal. Aug. 14, 2012) (granting email service where prior emails to defendants were not returned as undeliverable).

NOCO successfully relayed its messages to DongGuan through the Amazon Message Center because the messages did not bounce back, and because NOCO received a reply (albeit an unresponsive one) to one of its messages.[3] Steiner Decl. ¶¶ 10–12. This electronic medium is associated with DongGuan's core business, *see id.* at ¶¶ 2–3, and is certain to be checked on a regular basis. *See Ehrenfeld v. Mahfouz*, No. 04 Civ. 9641 (RCC), 2005 U.S. Dist. LEXIS 4741, at *9 (S.D.N.Y. Mar. 23, 2005) (stating service by email is appropriate where plaintiff shows that defendant "maintains the website, monitors the e-mail address, or would be likely to receive information transmitted to the e-mail address").

### D. NOCO Has Made Reasonable Attempts to Contact DongGuan and Is Unlikely to Effectuate Service Without the Court's Intervention.

Whether a case requires alternative service "is placed squarely within the sound discretion of the district court." *Repair All*, 2017 U.S. Dist. LEXIS 83173, at *9. In exercising its discretionary power, the court

> may require the plaintiff to show that they have "reasonably attempted to effectuate service on defendant and that the circumstances are such that the

---

[3] While preparing this Motion, NOCO discovered that DongGuan recently filed a "Change of Address" with the USPTO, which provided two new email addresses for DongGuan: taibin-1st@hotmail.com and bjsbrand@126.com. USPTO TSDR CASE VIEWER, http://tsdr.uspto.gov/documentviewer?caseId=sn87550665&docId=FTK20170804074113#docIndex=7&page=1 (last visited Apr. 18, 2019). Because DongGuan has neither responded to nor acknowledged the Waiver Package that NOCO successfully transmitted via the Amazon Message Center (as demonstrated by DongGuan's combative reply to NOCO's message), it is unlikely that DongGuan will respond to a new Waiver Package sent via alternative electronic channels. Steiner Decl. at ¶ 11.

10

district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile." *Shenzhen Dika*, 2017 U.S. Dist. LEXIS 194396, at *6 (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 U.S. Dist. LEXIS 60665, at *2 (S.D. Ohio May 1, 2014)). *See also Lexmark*, 295 F.R.D. at 261; *Ahkeo Labs*, 2017 U.S. Dist. LEXIS 98374, at *2–3; *Studio A*, 2008 U.S. Dist. LEXIS 5883, at *7. Attempting service pursuant to the Hague Convention, however, is not a prerequisite to service via Rule 4(f)(3). *See, e.g., Shenzhen Dika*, 2017 U.S. Dist. LEXIS 194396, at *5–6 (granting motion to serve defendant via email and Facebook despite "no evidence that Plaintiff has attempted to serve Defendants by the methods described in the Hague Convention.").

### 1. NOCO has reasonably attempted to effectuate service on DongGuan, and any further attempts would likely prove futile.

NOCO has made reasonable attempts to effectuate service on DongGuan. After a comprehensive and exhaustive search, NOCO identified and delivered the Waiver Package to one physical and one email address associated with DongGuan. Steiner Decl. ¶¶ 8–9. NOCO also delivered the Waiver Package to DongGuan via the Amazon Message Center. *Id.* at ¶ 10.

Despite NOCO's delivery of the Waiver Package to the addresses associated with DongGuan, NOCO's attempts to verify whether DongGuan did, in fact, receive the Waiver Package have been unsuccessful. *Id.* at ¶¶ 11–12, 14. *See Bazarian Int'l Fin. Assocs., LLC v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 13 (D.D.C. 2016) (stating plaintiff's motion for alternative service was granted where it was unable to "confirm addresses for several of the Defendants"); *Broadfoot v. Diaz (In re Int'l Telemedia Assocs.*, 245 B.R. 713, 722 (Bankr. N.D. Ga. 2000) (allowing service by email, in part, where defendant "failed to respond to the Trustee's inquiries regarding his whereabouts."). NOCO's attempts to confirm whether DongGuan

11

received the Waiver Package, and if not, where the Waiver Package should be delivered, have been unsuccessful or ignored by DongGuan. *See* Steiner Decl. ¶¶ 11–12, 14.

NOCO is likely unable to effectuate formal service of process without the Court's intervention. DongGuan appears to be insulating itself from service by ignoring or refusing to provide responsive replies to the communications directed to it. *Id.* DongGuan has clearly chosen to conduct business entirely online. *See infra* Section III, C, 1. And when DongGuan does not like the content of a message, it can simply choose to ignore it, as demonstrated by its silence or unresponsiveness when confronted with correspondence concerning the lawsuit. Steiner Decl. ¶¶ 11–12, 14. Without the Court's assistance, DongGuan will likely have shielded itself from service.

  **2. Requiring NOCO to send service under the Hague Convention to the "best guess" address would be unduly burdensome.**

Courts have found that "avoiding the additional expense of serving a defendant in a foreign county is a valid justification for granting an alternative method of service." *Affinity Labs of Tex., LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 U.S. Dist. LEXIS 185740, at *8 (W.D. Tex. July 2, 2014) (listing cases). Furthermore, courts often cite "delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)." *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (listing cases). *See, e.g., Knit With v. Knitting Fever, Inc.*, Nos. 08-4221, 08-4775, 2010 U.S. Dist. LEXIS 129870, at *4–5, 8 (E.D. Pa. Dec. 7, 2010) (granting plaintiff's motion for alternative service where service under the Hague Convention would take up to three months and plaintiff sought a waiver of service from the defendant prior to seeking leave to serve the defendant by alternative means).

At this juncture, requiring NOCO to send service in accordance with the Hague Convention would be costly and result in significant delays. According to China's Ministry of

Justice, Hague Convention requests are executed within "three to four months."[4] If NOCO is required to make service to the addresses it already contacted without receiving a response, and if those addresses prove bogus, then NOCO will be required to wait, at a minimum, an additional three to four months to seek the very remedy it seeks in this motion. During that time, DongGuan—which markets its products exclusively online and has taken active steps to avoid NOCO's communications—will continue to infringe on and profit from NOCO's trademarks.

## IV. CONCLUSION

For the foregoing reasons, NOCO requests that the Court grant NOCO leave to serve DongGuan using the Amazon Message Center, as permitted by Rule 4(f)(3).

Respectfully submitted,

/s/ Katie L. Steiner
Michael J. Garvin (0025394)
Katie L. Steiner (0096933)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, OH 44114
(216) 479-6100
(216) 479-6060 (facsimile)
mjgarvin@vorys.com
klsteiner @vorys.com

---

[4] *China—Central Authority & Practical Information*, HAGUE CONVENTION PRIV. INT'L L. (Jun. 27, 2018), https://www.hcch.net/en/states/authorities/details3/?aid=243. Realistically, it takes anywhere between six months and one year. *See* Dan Harris, *China Service of Process Under the Hague Convention and the Unauthorized Practice of Law*, CHINA L. BLOG (Nov. 11, 2017), https://www.chinalawblog.com/2017/11/china-service-of-process-under-the-hague-convention-and-the-unauthorized-practice-of-law.html (one year); Aaron Lukken, *How to Serve Process in China*, HAGUE L. BLOG (Jan. 12, 2017), https://www.haguelawblog.com/2017/01/serve-process-china/ (one year); *Service Abroad of Judicial and Extra-Judicial Process on Chinese Defendants in China—Or, Jumping Through Flaming Hoops*, DODGE ZHONG PARTNERS (Aug. 28, 2017), https://www.uschinalawyer.com/dispute-resolution-2/ (six to eight months).

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2019, a copy of the foregoing Plaintiff's Motion for Leave to Serve Defendant Through Alternative Means and Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve Defendant Through Alternative Means was filed electronically. Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system. Notice of the filing will also be delivered to Defendant DongGuan TaoYuanXiangBao ZhiPinYouXianGongSi Ltd. through the Amazon Message Center.

/s/ Katie L. Steiner
Katie L. Steiner (0096933)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, OH 44114
(216) 479-6100
(216) 479-6060 (facsimile)
mjgarvin@vorys.com
klsteiner @vorys.com

*One of the Attorneys for Plaintiff*
*The NOCO Company*